**Fill in this information to identify the case:**

Debtor 1      Cedric Hakeem

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Northern District of Illinois

Case number   19-18542

---

Official Form 410S1

# Notice of Mortgage Payment Change                                       12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust

**Court claim no.** (if known): 5-1

**Last 4 digits** of any number you use to identify the debtor's account: 5 9 0 0

**Date of payment change:**
Must be at least 21 days after date of this notice: 10/01/2021

**New total payment:** $ 1,303.49
Principal, interest, and escrow, if any

---

### Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

   ☑ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment:  $ _____      New escrow payment:   $ _____

### Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

   ☐ No
   ☑ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate:  4.125 %         New interest rate:  5.125 %

   Current principal and interest payment:  $ 690.14      New principal and interest payment:  $ 787.71

### Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

   ☑ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (Court approval may be required before the payment change can take effect.)

   Reason for change: _____

   Current mortgage payment: $ _____    New mortgage payment: $ _____

---

Official Form 410S1                    Notice of Mortgage Payment Change                    page 1

| Debtor 1 | Cedric Hakeem | Case number (if known) 19-18542 |
|---|---|---|
| | First Name    Middle Name    Last Name | |

### Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✖ /s/ Molly Slutsky Simons
Signature

Date 08/16/2021

Print: Molly Slutsky Simons
First Name    Middle Name    Last Name

Title Attorney for Creditor

Company Sottile & Barile, Attorneys at Law

Address 394 Wards Corner Road, Suite 180
Number    Street

Loveland    OH    45140
City    State    ZIP Code

Contact phone 513-444-4100

Email bankruptcy@sottileandbarile.com

**LOAN MODIFICATION AGREEMENT**

This Loan Modification Agreement ("Agreement") is effective September 1, 2017, between CEDRIC HAKEEM, ("Borrower") and Select Portfolio Servicing, Inc., acting on behalf of the owner of the Note, ("Lender"). If Borrower's representations and covenants in Section 1 continue to be true in all material respects, then this Agreement will amend and supplement, as set forth in Section 2, the Note made by the Borrower, dated May 18, 2007, in the original principal sum of $220,500.00 ("Note"). The Mortgage or Deed of Trust ("Security Instrument"), which was entered into as security for the Note, encumbers the real and personal property described in the Security Instrument (defined in the Security Instrument as the "Property"), known as:

8306 S PHILLIPS
CHICAGO, IL 60617

The Note and Security Instrument are collectively referred to in this Agreement as the "Loan Documents."

1. <u>Borrower Representations and Covenants.</u> Borrower certifies, represents, covenants, and agrees as follows:

    a. Borrower is experiencing a financial hardship, and as a result, (i) is in default under the Note or default is imminent, and (ii) Borrower does not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    b. There has been no impermissible change in the ownership of the Property since Borrower signed the Note.

    c. If requested by Lender, Borrower has provided documentation for all income that they receive.

    d. All documents and information Borrower has provided to Lender in connection with this Agreement, including the documents and information regarding eligibility for this Agreement, are complete, true and correct.

    e. Borrower has made or will make all payments required under a trial modification plan or loan workout plan, if applicable.

    f. The property is neither in a state of disrepair, nor condemned.

    g. Borrower is not a party to any litigation involving the Loan Documents, except to the extent the Borrower may be a defendant in a foreclosure action.

2. <u>The Modification.</u> If Borrower's representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on September 1, 2017 (the "Modification Effective Date") and all late charges that remain unpaid will be waived. Borrower understands that if they fail to make any payments as a precondition to this modification under a workout plan or trial modification plan, this modification will not take effect. The first modified payment will be due on October 1, 2017.

    a. The Maturity Date will be: December 1, 2053.

    b. The modified principal balance of the Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to the account associated with the Note. The new principal balance of the Note will be $163,475.65 (the "New Principal Balance"). Borrower understands that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

    c. Interest at the rate of 3.125% will begin to accrue on the Interest Bearing Principal Balance as of September 1, 2017 and the first new monthly payment on the Interest Bearing Principal Balance will be due on October 1, 2017. The payment schedule for the modified Lien Documents is as follows:

MA001 1662

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1 - 36 | 3.125% | September 1, 2017 | $597.06 | $515.78, may adjust periodically | $1,112.84, may adjust periodically | October 1, 2017 | 36 |
| 37 - 48 | 4.125% | September 1, 2020 | $690.14 | $515.78 | $1,205.92 | October 1, 2020 | 12 |
| 49 - 60 | 5.125% | September 1, 2021 | $787.71 | $515.78 | $1,303.49 | October 1, 2021 | 12 |
| 61 - 72 | 6.125% | September 1, 2022 | $888.99 | $515.78 | $1,404.77 | October 1, 2022 | 12 |
| 73 - 84 | 7.125% | September 1, 2023 | $993.32 | $515.78 | $1,509.10 | October 1, 2023 | 12 |
| 85 - 435 | 7.500% | September 1, 2024 | $1,032.92 | $515.78 | $1,548.70 | October 1, 2024 | 351 |

**A final balloon payment on the Interest Bearing Principal Balance of $40,407.61 is due on the Maturity Date.**

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore the total monthly payment may change accordingly.

BALLOON NOTICE. In order to reach an affordable payment, we extended your amortization term, which is the rate or speed by which your mortgage is calculated to be paid off; however, your maturity term, which is the period of time until your mortgage becomes due and payable, could not be fully extended to an equal term. This is because the investor on your account allows us to change your amortization term but does not allow us to change the maturity term to match. As a result of the difference between these two periods, there will be an amount due of $40,407.61 on the date your lien matures on December 1, 2053. The amount due at maturity is in addition to your monthly scheduled payment that you received as part of your modification.

d. Borrower, has agreed to establish an escrow account to pay for property taxes and homeowner's insurance and pay a monthly escrow payment in the initial amount of $515.78. Borrower,'s total monthly payment of principal, interest and escrow will therefore be equal to $1,112.84. Borrower, acknowledges that the payments attributable to insurance and taxes are determined by the state taxing authorities and insurance companies and therefore, are subject to change from time to time. Borrower, will be notified of any changes.

3. <u>Other Agreements</u>. Borrower and Lender also agree to the following:

   a. This Agreement shall supersede any modification, forbearance, trial period plan, or other workout plan that Borrower previously entered into with Lender.

   b. The Security Instrument and Note, as modified by this Agreement, are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   c. All terms of the Security Instrument and Note, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Note and Security Instrument.

   d. Borrower will be bound by and comply with all covenants, agreements, and requirements of the Note as modified by the Agreement and the Security Instrument, including all requirements to make payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Note and Security Instrument.

MA001 1662

e. If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after receipt of the Lender's request, Borrower will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If Borrower fails to do so, Borrower will be liable for any and all loss or damage which the Lender reasonably sustains as a result of Borrower's failure. At Lender's option, this Agreement will be void and of no legal effect upon notice of such loss, misplacement, misstatement, or inaccuracy. If Borrower elects not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and Borrower will not be eligible for a modification.

f. The mortgage insurance premiums due from Borrower, if applicable, may increase as a result of the capitalization, which will result in a higher total monthly payment. Furthermore, the date on which Borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

g. As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, Borrower agrees as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the lender shall give borrower notice of acceleration. The notice shall provide a period of not less than thirty (30) days – depending on state law and other requirements – from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on the Borrower.

h. As of the Modification Effective Date, a buyer of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

i. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

j. If Borrower is in bankruptcy upon execution of this document, Borrower will cooperate fully with Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect, and such terms shall not be modified by this Agreement.

k. If Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

l. In agreeing to the changes to the original Loan Documents as reflected in this Agreement, Lender has relied upon the truth and accuracy of all of the representations made by Borrower(s), both in this Agreement and in any documentation provided by or on behalf of Borrower(s) in connection with this Agreement. If Lender subsequently determines that such representations or documentation were not truthful or accurate, Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

**TAX CONSEQUENCES OF LOAN MODIFICATIONS.** There may be income tax consequences related to this loan modification. Because you will be responsible for paying any income tax due as a result of this loan modification, you may wish to consult a tax advisor before accepting this loan modification.

The Borrower(s) and Lender have signed this Agreement as of the Effective Date.

_Cedric Hubeen_
Borrower Signature:                                    Date: 9-6-17

_Cedric Hubeen_
Borrower Signature:                                    Date: 9-6-17

Brooke Horrocks
Document Control Officer
Select Portfolio Servicing, Inc. (On behalf of Lender):    Date: SEP 19 2017

DIGIMAIL SEP 08 2017

MA001 1662

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 19-18542 |
| Cedric Hakeem | Chapter 13 |
| Debtor | Hon. Judge Timothy A. Barnes |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice of Mortgage Payment Change upon the above-named parties by electronic filing or, as noted below, by placing same in a properly addressed and sealed envelope, postage prepaid, and depositing it in the United States Mail at 394 Wards Corner Rd., Suite 180, Loveland, OH 45140 on August 16, 2021, before the hour of 5:00 p.m.

Patrick Semrad, Debtor's Counsel
psemrad@semradlaw.com

Mitchell Shanks, Debtor's Counsel
mshanks@semradlaw.com

Marilyn O Marshall, Trustee
courtdocs@chi13.com

Patrick S Layng, U.S. Trustee
ustpregion11.es.ecf@usdoj.gov

Cedric Hakeem, Debtor
8306 S Phillips Ave
Chicago, IL 60617

Dated: August 16, 2021                    Respectfully Submitted,

/s/ Molly Slutsky Simons
Molly Slutsky Simons (OH 0083702)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Creditor